

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 1, 1951.

Hon. Larry O. Cox
Executive Director
Board for Texas State Hospitals
   and Special Schools
Austin, Texas         Opinion No. V-1179

                 Re:   Legality of requiring pay-
                      ment for board and treat-
                      ment of non-indigent hos-
                      pital inmates found insane
                      subsequent to conviction
Dear Sir:                or indictment for a crime.

        Your request for an opinion reads, in part,
as follows:

        "We desire the opinion of your office
regarding the legality of assessing board
and treatment charges against the estate
and/or responsible relatives of a patient
at the Terrell State Hospital who has crim-
inal charges pending against him or who has
previously been convicted of a crime but is
not at the present time amenable to punish-
ment because of a jury finding that he is
insane."

        Articles 3184-3201, inclusive, Vernon's Civil
Statutes, make complete provisions for State Hospitals
and the admission of patients thereto.  In particular,
Article 3196a provides, in part:

        "Section 1.  Patients admitted to State
hospitals and State psychopathic hospitals
shall be of two classes, to wit:

        "Indigent patients;
        "Non-indigent patients;

        "Indigent patients are those who possess
no property of any kind nor have anyone le-
gally responsible for their support, and
who are unable to reimburse the State.  This
class shall be supported at the expense of
the State.

Hon. Larry O. Cox, Page 2, (V-1179).


"Non-indigent patients are those who possess some property out of which the State may be reimbursed, or who have some-one legally liable for their support. This class shall be kept and maintained at the expense of the State, as in the first instance, but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients.

"Sec. 2. Where the patient has no sufficient estate of his own, he shall be maintained at the expense:

"Of the husband or wife of such person, if able to do so;

"Of the father or mother of such person, if able to do so."

In providing reimbursement for patients, no distinction is made between patients who are not convicted or who do not stand indicted for a crime and those who are convicted or who do stand indicted for a crime.

Articles 5550-5561a, inclusive, set out lunacy proceedings for persons not charged with a criminal offense. Articles 921-932, inclusive, Vernon's Code of Criminal Procedure, provide for insanity proceedings where a defendant becomes insane after conviction. Article 927, V.C.C.P., provides that the county judge shall "take the necessary steps to have the defendant confined in the lunatic asylum until he becomes sane." Article 932a, V.C.C.P., provides for proceedings where a plea of insanity is interposed on behalf of the defendant at the trial for an offense. This article directs the county judge to have an insane defendant "committed to and confined in a State hospital for the insane until he becomes sane." Article 6203e, V.C.S., provides for the State Prison Psychopathic Hospital at Huntsville, Texas. Article 3186a, V.C.S., provides procedure and venue for trial of convicts who become insane in the State Penitentiary. After reading these various provisions, we see that once a person charged with or convicted of a crime is admitted into a State Hospital, no legal distinction is made among patients other than that they are classified as either indigent or non-indigent.

Hon. Larry O. Cox, Page 3, (V-1179).


We have seen that non-indigent patients are those who possess some property out of which the State may be reimbursed or who have someone legally liable for their support; that the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients; and that persons chargeable with the expenses of a patient are the husband or wife, father or mother of such person, if able to contribute to his support. Whether a patient is non-indigent is a question of fact to be determined from the facts and circumstances in each individual case.

It is our opinion, therefore, that you may legally charge for the support, maintenance, and treatment of non-indigent hospital inmates who have been found insane subsequent to conviction or indictment for a crime.

### SUMMARY

The Board for Texas State Hospitals and Special Schools has authority to require payment for board and treatment of non-indigent hospital inmates who are adjudged to be insane and placed in a State Hospital subsequent to their conviction or indictment for a crime.

APPROVED:

Ned McDaniel
State Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

VFT:EGT:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By V. F. Taylor
V. F. Taylor
Assistant